United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONY NGUYEN, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. H-25-441 |
| | § |
| CITY OF HOUSTON, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Tony Nguyen, representing himself and proceeding without paying the filing fee, sues the City of Houston and two unidentified City of Houston police officers under 42 U.S.C. § 1983. His allegations arise out of his arrest and subsequent prosecution for assaulting a family member. (Docket Entry No. 1). The City moved to dismiss Nguyen's amended complaint, Nguyen responded, and the City replied. (Docket Entries Nos. 24, 26, 28). Based on the court's review of the motion, the response and reply, the record, and the law, as well as the parties' arguments made at the initial conference, the court grants the City's motion and dismisses this action with prejudice, because further pleading amendment would be futile. The reasons for this ruling are explained below.

**I.     Background**

Nguyen alleges that on March 9, 2024, he was unlawfully arrested without a warrant and without probable cause and before the criminal complaint was filed. (Docket Entry No. 1, p. 1). He alleges that this arrest violated his Fourth and Fourteenth Amendment rights, and that the City failed to train its officers on lawful arrest procedures and failed to supervise them. (*Id.* at 2-3).

Nguyen alleges that because of "procedural failures and lack of investigation," he accepted a plea offer to a lesser felony charge, which resulted one year on probation. (*Id.* at 2). He alleges that he lost his right to own or possess a firearm; that he could not get gainful employment; and that he has suffered reputational harm and emotional distress. (*Id.*). He seeks compensatory damages for the alleged damage to his career and reputation; the emotional distress caused by his arrest, probation, financial instability, and loss of Second Amendment rights; the loss of his liberty during pretrial supervision; and his legal fees. (*Id.* at 3). He also seeks punitive damages. (*Id.*).

The City moved to dismiss on the basis that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Nguyen's claims. (Docket Entry No. 24, pp. 4-6). In the alternative, the City contends that Nguyen's amended complaint fails to state claims under the Fourth and Fourteenth Amendments, that his false-arrest claims are barred by the independent-intermediary doctrine, and that he has failed to allege sufficient facts to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1977). (*Id.* at 6-12).

In support of its motion, the City attached certified copies of portions of the record of the state criminal proceedings against Nguyen. (Docket Entry Nos. 24-1, 24-2, 24-3, 24-4). These documents show that a state-court magistrate found probable cause for Nguyen's arrest and continued detention at a hearing on March 10, 2024. (Docket Entry No. 24-1, p. 2). A grand jury subsequently returned an indictment against him for felony assault on a family member. (Docket Entry No. 24-2, p. 2). Nguyen pleaded guilty to a reduced charge on December 17, 2024, while represented by counsel, and he was placed on deferred adjudication probation for a year. (Docket Entry Nos. 24-3, pp. 2-3; 24-4, pp. 2-6). If Nguyen successfully completes probation, he will be eligible to petition for nondisclosure of the information relating to this action. (Docket Entry No. 24-3, p. 5).

2

In his response to the City's motion, Nguyen provides additional facts about the events leading up to his arrest. (Docket Entry No. 26, pp. 1-3, 5). He contends that the *Heck* favorable-termination rule should not apply because he is not contesting his conviction, but rather the procedures leading up to it. (*Id.* at 2-3). In addition, he contends that his complaint's allegations and the information in his response to the motion to dismiss state claims upon which relief can be granted. (*Id.* at 4-6). Finally, he contends that the unidentified police officer defendants are properly named as defendants. (*Id.* at 6).

In its reply, the City contends that Nguyen may not rely on facts asserted for the first time in a response to a motion to dismiss. (Docket Entry No. 28, p. 1). It also contends that Nguyen's remaining arguments are both legally and factually unsupported. (*Id.* at 2-3).

## II.   The Legal Standards.

### A.   Actions Under 42 U.S.C. § 1983.

"Section 1983 does not create any substantive rights but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must allege facts that could prove (1) a violation of rights secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—

can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. Motions to Dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). This includes documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims, and publicly available judicial documents. *See Payne v. City of Houston*, Appeal No. 24-20150, 2025 WL 999085, at *1 (5th Cir. Apr. 3, 2025). In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

### C. Pleadings from Self-Represented Litigants.

Nguyen is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). In addition, they must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up). While self-represented litigants are held to less stringent standards than attorneys, they are not excused from the requirement of alleging sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

**III.     Discussion.**

    **A.     Nguyen Fails to State a Claim for Municipal Liability.**

Nguyen alleges that the City is liable to him because it failed to train and supervise its employees. The City contends that Nguyen's claim against it should be dismissed because it fails to state a claim upon which relief can be granted. Review of Nguyen's amended complaint shows that it does not allege sufficient facts to state a claim against the City for municipal liability.

Under § 1983, municipalities are not liable for the unconstitutional actions of their employees under the doctrine of *respondeat superior*. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff seeking relief against a municipal defendant, such as a city or county, must establish that the allegedly unconstitutional conduct is "directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Specifically as to a claim for municipal liability for failure to train or supervise, the plaintiff must allege facts showing that: "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson v. Dallas County, Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). To show deliberate indifference, the plaintiff must allege facts showing that city or county policymakers made "a deliberate choice to follow a course of action . . . from among various alternatives." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989) (cleaned up). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *Id*. This generally requires the plaintiff to show "a pattern of similar constitutional violations by untrained

employees," which would show that the municipality had notice that its training was inadequate but failed to respond to the issue. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011).

Nguyen's only allegation against the City in his amended complaint that it "failed to properly train and supervise HPD officials on lawful arrest procedures." (Docket Entry No. 1, p. 2). The amended complaint does not allege facts that would show that the City failed to train its police officers on proper arrest procedures or that there is a causal connection between any alleged failure to train and his own arrest. And he alleges no facts that could show a pattern of similar constitutional violations by untrained officers sufficient to put City officials on notice of the alleged need for more or different training, which it subsequently ignored. In the absence of these factual allegations, Nguyen's amended complaint fails to state a claim for failure to train or supervise.

In his response to the City's motion, Nguyen contends that he should be excused from having to allege additional facts because, as a self-represented litigant, his amended complaint should be construed leniently. But as explained above, while self-represented litigants are held to less stringent standards than attorneys, they must still allege sufficient facts in their complaints to state a plausible claim. *See Taylor*, 296 F.3d at 378; *Toole*, 361 F. App'x at 621. Nguyen's status as a self-represented litigant does not excuse his failure to allege sufficient facts to state a claim that the City is liable for failing to train or supervise and that this failure caused an unconstitutional arrest and prosecution.

In the alternative, Nguyen alleges additional facts in his response to the motion to dismiss, pointing to certain investigative reports about the Houston Police Department from 2021 and 2022. (Docket Entry No. 26, pp. 5-6). But the court may not consider new facts alleged for the first time in a response to a motion to dismiss when ruling on that motion. *See Dorsey v. Portfolio Equities,*

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint."). And even if the court could consider Nguyen's new allegations, he does not include any *facts* showing that the City failed to train its police officers on proper arrest procedures or that there is a causal connection between any alleged failure to train and his own arrest. To survive a motion to dismiss, "a complaint's description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (cleaned up). Nguyen's conclusory allegation in his response that the City must have failed to train its officers because they arrested him without a warrant or probable cause does not meet this standard and is insufficient to state a claim.

Nguyen also contends that he should be entitled to conduct discovery before having to allege the facts necessary to support his claim. But "a party must have a good faith legal and factual basis for a claim *before* a claim is made." *Byrd v. Madisonville Consol. Indep. Sch. Dist.*, No. 4:19-CV-4473, 2020 WL 2850755, at *1 (S.D. Tex. June 1, 2020). The Rules of Civil Procedure do not permit a plaintiff to make boilerplate allegations in a complaint and then argue in response to a motion to dismiss that he will allege further facts after discovery. *See Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (per curiam) (explaining that "a plaintiff needs to exercise reasonable due diligence and provide some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct") (cleaned up); *Byrd*, 2020 WL 2850755, at *1 (rejecting the plaintiff's argument that she should be allowed discovery so that she could allege facts to support her claim for municipal liability). Nguyen's argument that discovery should occur *before* he must plead a sufficient claim against the City turns the Rules of Civil Procedure upside down.

In sum, Nguyen's amended complaint does not state facts supporting his claim of municipal liability against the City. He cannot rely on his status as a self-represented litigant or the potential availability of discovery to avoid the need to allege sufficient facts to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 556, 570. Nguyen's claim against the City for municipal liability is dismissed, with prejudice because Nguyen has already amended his complaint once and further amendment would be futile.

### B. Nguyen's Claims are Barred by *Heck*.

In addition to his claim against the City, Nguyen alleges that two unidentified City of Houston police officers falsely arrested him and violated his due process rights during the arrest and subsequent detention. The Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), bars all his claims.

*Heck* bars a cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply that a criminal conviction or sentence is invalid unless the conviction and sentence has already been invalidated through proper channels.[1] *Id.* at 486–87. To show that a conviction has been invalidated through "proper channels," the plaintiff must show that the conviction and sentence have been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Nguyen fails to make this showing. The basis for his § 1983 complaint is that the officers arrested him without a valid warrant or probable cause, leading to a false arrest and illegal detention. But Nguyen did not challenge his arrest or subsequent detention in his criminal proceedings. To the contrary, he pleaded guilty to a reduced charge. A judgment favorable to

---

[1] The order of deferred adjudication that Nguyen received when he pleaded guilty is a "conviction" for purposes of *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007).

Nguyen in this action would require the court to invalidate his conviction and order of deferred adjudication. Nguyen has not shown that the conviction on his guilty plea or the order of deferred adjudication has been overturned or invalidated through proper channels. His civil-rights claim is therefore barred by *Heck* and may not proceed until he makes this showing.

In his response to the City's motion to dismiss, Nguyen argues that *Heck* does not apply because he is not challenging his conviction, but rather only the procedures used to obtain it. But Nguyen reads *Heck* too narrowly. *Heck* addressed whether a plaintiff could bring a malicious prosecution claim for damages against the officers whose conduct allegedly resulted in his criminal conviction. *Id.* at 478-79. In its analysis, the Supreme Court stated that claims for false arrest, false imprisonment, and malicious prosecution involve "issues of probable cause and guilt," which can be addressed in the criminal proceedings. *Id.* at 484. By requiring a plaintiff to show the favorable termination of the criminal charges before that plaintiff may bring civil rights claims arising out of the arrest, prosecution, and imprisonment, a federal court "avoids parallel litigation over the issues of probable cause and guilt" and prevents a plaintiff from succeeding in a constitutional tort action after having been convicted in the underlying criminal prosecution, "in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* (quoting S. Speiser, C. Krause, & A. Gans, *American Law of Torts* § 28:5, p. 24 (1991)).

The Fifth Circuit has held that "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir, 2006)). *Heck* bars a claim for an alleged violation of a plaintiff's constitutional rights if that "violation arose from

the *same facts attendant to the charge for which he was convicted.*" *Id.* at 497 (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)) (emphasis added). This includes claims that police officers subjected the plaintiff to an unlawful arrest or an unlawful, illegal, or excessive detention. *See Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (per curiam) (false arrest claims, by their nature, "challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity" (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam)); *Thomas v. La. Dep't of Soc. Servs.,* 406 F. App'x 890, 898 (5th Cir. 2010) (per curiam) (permitting a false arrest claim to proceed "would necessarily require the district court to re-evaluate the lawfulness of [the] arrest and criminal conviction"). Nguyen pleaded guilty and was placed on deferred adjudication. Allowing him to proceed on his false arrest and illegal detention claims would necessarily imply that his plea and sentence were invalid. His challenge to the probable cause for his arrest is a collateral challenge to his conviction. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, *i.e.*, that there was no probable cause to arrest would demonstrate the invalidity of [the conviction].").

Additionally, the type of injuries for which Nguyen seeks damages contradicts his claim that he is not challenging the validity of his conviction. Nguyen seeks damages based on the loss of his right to carry a firearm, but that loss is due to his plea agreement and conviction, not his arrest. He seeks damages for the loss of employment opportunities, but those losses are due to his plea and conviction, not his arrest. He seeks damages for the loss of his reputation due to his criminal record, but that loss is due to the criminal proceedings themselves, not his arrest. And he seeks damages for having to wear an ankle monitor during pretrial release, but that loss is due to the post-indictment criminal proceedings, not his arrest. Nguyen's own allegations make clear

11

that he is challenging the validity of the criminal proceedings that followed his arrest. Because a judgment in his favor on these claims would impugn the validity of the criminal proceedings themselves and the order of deferred adjudication, *Heck* bars these claims until the proceedings are terminated in Nguyen's favor. Nguyen's claims against the unidentified City of Houston police officers are dismissed as barred by the *Heck* favorable-termination rule.

## IV.   Conclusion

Based on the above, the court orders that the City's motion to dismiss, (Docket Entry No. 24), is granted. Nguyen's claims against the City of Houston are dismissed with prejudice for failure to state a claim. Nguyen's claims against the unidentified City of Houston police officers are dismissed with prejudice to his claims being reasserted unless and until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Any pending motions are denied as moot. Final judgment will be separately entered.

SIGNED on April 18, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge